**LONE STAR GAS COMPANY, An Unincorporated Division of Enserch, Inc., Petitioners,**

v.

**Phares E. LEMOND, Individually and as Surviving Spouse of Nova Ellen Lemond, and as Independent Executor of the Estate of Nova Ellen Lemond, Deceased; Phares E. Lemond, Jr.; and William Clark Lemond, Respondents.**

No. 94–0525.

Supreme Court of Texas.

April 13, 1995.

Rehearing Overruled June 8, 1995.

Eric Archer, Dallas, Robert Q. Keith and Thomas H. Walston, Johnson City, Glynn Purtle, Wichita Falls, Amy Keith, Johnson City, Richard L. Howell, Dallas, for petitioner.

Jeffrey H. Kobs and David L. Evans, Fort Worth, Dottie Murphy, Wichita Falls, David E. Keltner and Richard C. DeBerry, Fort

Worth, Larry Cain, Sherman, for respondents.

PER CURIAM.

The court of appeals held in this case that it was reversible error for the trial court to add the following sentence to the standard jury charge for marketing defects: "A seller's duty to warn arises only where the dangers to be warned of are reasonably foreseeable and are such that a consumer cannot reasonably be expected to be aware of them." 897 S.W.2d 378. We disagree because, under the record before us, any error was harmless.

Phares Lemond was injured and his wife killed in an explosion that resulted when natural gas which had accumulated in the crawl space under their home was ignited by the water heater's pilot light. Lemond sued the gas distributor, Lone Star Gas Co., claiming that it was negligent and that the gas was unreasonably dangerous as designed, manufactured, and marketed. Lemond alleged that Lone Star failed to maintain its distribution lines properly, allowing gas to leak out and up through the soil below Lemond's house, and that the odorant which should have allowed the gas to be detected was defective for a number of reasons. The trial court charged the jury on all of Lemond's theories except manufacturing defect. After a three-week trial, the jury failed to find that any negligence of Lone Star or any defect in the design and marketing of the gas caused Lemond's injuries. The trial court rendered judgment on the verdict for Lone Star.

The jury charge on marketing defect tracked the standard question and instruction prescribed by the Texas Pattern Jury Charge, 3 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES, PJC 71.06 (1990), except for the addition of the one sentence quoted above. Lemond does not contend, and the court of appeals did not conclude, that the additional sentence misstates the law. Rather, Lemond argues, and the court of appeals agreed, that it was error to include the sentence in the charge because it is the kind of surplus instruction discouraged by *Acord v. General Motors Corp.*, 669 S.W.2d 111 (Tex. 1984), and *Lemos v. Montez*, 680 S.W.2d 798 (Tex.1984). The appeals court concluded that the error was not harmless because the sentence (1) conflicted with and diverted the jury's attention from other language in the charge, thereby confusing them, and (2) probably tilted or nudged the jury "one way or the other", thereby prejudicing the verdict.

Assuming, without deciding, that it was error to include the sentence in the charge, we do not agree that the error requires reversal. Besides the sentence quoted above, the trial court instructed the jury as follows:

> A "marketing defect" with respect to the product means the failure to give adequate warnings of the product's dangers that were known, or by the application of reasonably developed human skill or foresight should have been known, or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

> \* \* \* \* \* \*

> An "unreasonably dangerous" product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

The court of appeals did not identify the conflict between this language and the sentence complained of, and a comparison readily demonstrates there is none. It is not clear why the appeals court thought that the sentence diverted the jury's attention from the rest of the charge, but assuming it did, we do not see how the sentence could have misled or confused the jury. Also, because the sentence was entirely consistent with the charge as a whole, we do not see how it could have nudged the jury improperly. Unlike *Acord*, this case was not closely contended. After a three-week trial, the jury did not make a liability finding in Lemond's favor. The record does not reflect that Lemond's marketing defect claim was any stronger than his other claims, and we cannot see how the jury would have made a different finding. The court of

appeals erred in reversing the trial court's judgment. TEX.R.APP. P. 81(b).

Lemond complains that he was entitled to an instruction on manufacturing defect, and that distributors of natural gas should be held to a higher standard of care because of the dangers that inhere in the product. The court of appeals addressed these complaints fully and, we believe, rejected them correctly.

Accordingly, a majority of the Court, without hearing oral argument, reverses the judgment of the court of appeals to the extent that it reverses the judgment of the trial court, affirms it in all other respects, and renders judgment that Lemond take nothing. TEX.R.APP.P. 170.

ENOCH, J., took no part in the consideration or decision of this case.