Curtis SCHROCK, Appellant,

v.

Robin SISCO, Appellee.

No. 11–05–00205–CV.

Court of Appeals of Texas,
Eastland.

April 26, 2007.

Michael McLeaish, Odessa, for appellant.

Billy G. Alexander, Law Office of Bill Alexander, Odessa, Kindra A. Johnson, Austin, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

This appeal arises from a sexual harassment suit filed by Robin Sisco against her former employer, Curtis Schrock.[1] Schrock alleges in a single issue that the trial court erred in submitting in the court's charge to the jury one of the theories of recovery asserted by Sisco. We reverse and remand.

### Background Facts

Sisco alleged that Schrock committed the torts of assault and intentional infliction of emotional distress. Schrock objected to the inclusion of intentional infliction of emotional distress as a theory of recovery in the court's charge on several grounds. The trial court overruled Schrock's objections and submitted liability and damages questions on both theories. The jury found that Schrock committed both torts and awarded Sisco compensatory damages of $40,000 for intentional infliction of emotional distress and $25,000 on the assault cause of action.

In addition to submitting both theories of recovery in the court's charge, the trial court also submitted a single exemplary damages question. The trial court conditionally submitted the exemplary damages question on an affirmative finding to either the assault or the intentional infliction of emotional distress causes of action.[2] The jury assessed exemplary damages of $50,000 against Schrock.

Schrock subsequently challenged the submission of intentional infliction of emotional distress in a motion for judgment notwithstanding the verdict and a motion for new trial. Sisco responded to Schrock's post-verdict motions by offering to remit the $40,000 in compensatory damages that the jury awarded to her for intentional infliction of emotional distress. The trial court accepted Sisco's voluntary remittitur and removed the $40,000 recovery from the judgment. However, the jury's full award of exemplary damages remained intact.

### Issue

Schrock contends that the trial court erred in submitting intentional infliction of emotional distress as a theory of recovery in the court's charge. He asserts that the alleged error probably caused the rendition of an improper judgment in the form of an inflated award of exemplary damages. *See* TEX.R.APP. P. 44.1(a).

### Standard of Review

■ TEX.R. CIV. P. 278 requires the submission of jury questions that are supported by the written pleadings and the evidence. *See Union Pac. R.R. Co. v. Williams*, 85 S.W.3d 162, 166 (Tex.2002). The standard of review for an allegation of jury charge error is an abuse of discretion. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without consideration of

---

1. The record indicates that Schrock died after the trial court's entry of judgment. Pursuant to TEX.R.APP. P. 7.1(a)(1), we adjudicate this appeal as if all parties are alive.

2. A recovery of exemplary damages requires a finding of an independent tort with accompanying actual damages. *See Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 284 (Tex. 1993).

guiding principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex.2003).

██ If a trial court abuses its discretion when it submits an instruction to the jury, we do not reverse in the absence of harm. *See Lone Star Gas Co. v. Lemond,* 897 S.W.2d 755, 756 (Tex.1995). Harm occurs when the error in the charge probably caused the rendition of an improper judgment or prevented appellant from properly presenting the case to the court of appeals. Rule 44.1(a); *Wal–Mart Stores, Inc. v. Johnson,* 106 S.W.3d 718, 723 (Tex.2003).

### Analysis

Sisco stated as follows in her written motion for remittitur: "[Sisco] requests this Court to reduce the amount of judgment against [Schrock] for the reason that [the liability and compensatory damages questions for intentional infliction of emotional distress] should not have been submitted." In light of Sisco's concession that intentional infliction of emotional distress should not have been submitted in the court's charge, we focus our attention on the harm analysis that should be employed in reviewing the jury's award of exemplary damages.

The task of determining the effect of the charge error on the jury's exemplary damages award is complicated by the wording of the exemplary damages question. The question reads in pertinent part as follows:

If you answered "Yes" to Question 1 or Question 3 then answer the following question. Otherwise, do not answer the following question.

#### Question No. 5

What sum of money, of [sic] any, should be assessed against CURTIS SCHROCK and awarded to ROBIN SISCO as exemplary damages for the conduct found in response to Question 1 or Question 3.

"Question 1" consisted of the liability question for the assault cause of action. "Question 3" consisted of the liability question for the intentional infliction of emotional distress cause of action. Since the jury made affirmative findings on both the assault and intentional infliction of emotional distress causes of action, it may have based its award of exemplary damages in whole or in part upon the conduct that it determined constituted the intentional infliction of emotional distress.

The fact that the exemplary damages question combined valid and invalid theories of recovery implicates the harm analysis adopted by the supreme court in *Crown Life Insurance Co. v. Casteel,* 22 S.W.3d 378 (Tex.2000). *See Romero v. KPH Consol., Inc.,* 166 S.W.3d 212 (Tex.2005); *Harris County v. Smith,* 96 S.W.3d 230 (Tex. 2002). The court ruled in *Casteel* that, when a single broad-form liability question commingles valid and invalid liability grounds and the appellant's objection is timely and specific, the error is harmful and a new trial is required when the appellate court cannot determine whether the jury based its verdict on an invalid theory. In *Harris County,* the court determined that the *Casteel* harmful error analysis applied to a damage question that mixed valid and invalid elements of damages in a single broad-form submission. 96 S.W.3d at 232–34. In *Romero,* the court applied the *Casteel* harm analysis to a liability apportionment question that mixed valid and invalid theories of recovery. 166 S.W.3d at 227.

The harm analysis adopted in *Casteel* is inapplicable in the absence of an objection that sufficiently preserves the complaining party's protest to the inclusion of an invalid theory of recovery in a broad-form

question.[3] 22 S.W.3d at 387. Sisco argues that Schrock failed to preserve his complaint about the jury's award of exemplary damages because he did not specifically object to the exemplary damages question. As correctly noted by Sisco, Schrock did not specifically address the form of the exemplary damages question in making his objections to the court's charge. However, Schrock objected "to the submission of intentional infliction of emotional distress in this case." The relevant inquiry in this appeal is whether Schrock's objection to the submission of a particular theory of recovery in the court's charge extends to all of the questions that reference that theory.

The supreme court considered the preservation of error for an objection to the submission of an invalid theory of recovery in *Romero.* 166 S.W.3d at 228–29. The court identified the question that is at issue in this appeal—whether the complaining party is required to object to the form of a broad-form question that includes an invalid theory of recovery. *Id.* at 229. The court determined that it did not need to answer this question because the complaining party in *Romero* objected to the form of the question challenged on appeal.[4] *Id.* In identifying the question, the court cited *Pan Eastern Exploration Co. v. Hufo Oils,* 855 F.2d 1106, 1124 (5th Cir.1988), for the proposition that the issue of whether an objection must be made to the form of the submission is "a close and difficult question." *Id.*

In *Missouri Pacific Railroad Co. v. Limmer,* 180 S.W.3d 803, 822–23 (Tex. App.-Houston [14th Dist.] 2005, pet. filed), the court addressed the question that the supreme court did not answer in *Romero.* The court began its analysis by examining the federal case cited by the supreme court in *Romero.* The Fifth Circuit suggested as follows in *Pan Eastern Exploration Co.:* "It seems likely that in the case of a potentially ambiguous general verdict all the complaining party must do to protect his rights is to object to the charge and the submission *vel non* of the questionable theory or theories." 855 F.2d at 1124. The court in *Limmer* then examined the holdings in *Harris County, Casteel,* and *Wal–Mart Stores, Inc. v. Redding,* 56 S.W.3d 141, 150, 156–57 (Tex. App.-Houston [14th Dist.] 2001, pet. denied). 180 S.W.3d at 822. The court concluded in *Limmer* that an objection to the submission of a theory of recovery in the court's charge is sufficient to preserve error for the purpose of conducting a *Casteel* harmful error analysis of a broad-form question that combines valid and invalid theories of recovery. We agree.

■ Schrock vigorously objected to the submission of intentional infliction of emotional distress as a theory of recovery in the court's charge. It is reasonable to conclude that his objection to a cause of action as an invalid theory of recovery applied to each question in the court's charge that contained that cause of action as an element. Accordingly, we conclude

---

**3.** In the absence of a sufficient objection, it would appear that the complaining party is limited to challenging the sufficiency of the evidence supporting the jury's answer to the broad-form question. *See Thomas v. Oldham,* 895 S.W.2d 352, 359–60 (Tex.1995).

**4.** The submission of two exemplary damages questions would have eliminated the difficulty of conducting a harm analysis in this appeal.

The trial court in *Romero* suggested to the parties that two questions should be submitted in the court's charge to cure the potential problem of reviewing the jury's answer on appeal. 166 S.W.3d at 228–29. The supreme court determined that the complaining party sufficiently preserved error even though it rejected the trial court's suggestion to submit two questions. *Id.*

that Schrock sufficiently preserved error to invoke the harm analysis employed in *Casteel*.

■ Under *Casteel*, we must reverse the jury's award of exemplary damages unless we are "reasonably certain that the jury was not significantly influenced by" the erroneous submission of intentional infliction of emotion distress. *Romero*, 166 S.W.3d at 227–28. Given the fact that the jury made an affirmative finding of liability for intentional infliction of emotional distress and awarded compensatory damages of $40,000 under this cause of action, we cannot be reasonably certain that the jury was not significantly influenced by the erroneous submission of this theory of recovery when it awarded $50,000 in exemplary damages. Schrock's sole issue on appeal is sustained.[5]

### This Court's Ruling

■ We cannot order a separate trial solely on unliquidated damages when liability is contested. Tex.R.App. P. 44.1(b); *Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 669 (Tex.1996). Accordingly, the trial court's judgment is reversed and remanded for a new trial on all issues.

---

**5.** The requirements of Tex. Civ. Prac. & Rem. Code Ann. § 41.013(a) (Vernon 1997) are inapplicable because we have not reviewed the evidence supporting the jury's award of exemplary damages.