Opinion filed April 2, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 2,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00225-CV 

                                                    __________

 

       LAWRENCE F. AVERITT, INDIVIDUALLY AND AS INDEPENDENT

           EXECUTOR OF THE
ESTATE OF BEULAH AVERITT, Appellant

                                                             V.

                 BETTY
CAUDLE, CHIEF APPRAISER ET AL, Appellees

 



 

                                         On
Appeal from the 106th District Court

                                                         Gaines
County, Texas

                                              Trial
Court Cause No. 04-09-14829

 



 

                                              M
E M O R A N D U M   O P I N I O N

This
is an ad valorem tax suit.  Lawrence F. Averitt filed suit to appeal the
Appraisal Review Board=s
order concerning the value of his oil and gas interests.  The jury determined
the market value of the interest on the property for the tax years in
question.  The jury further found that the appraisals for the tax years in
question complied with the applicable provisions of the Texas Tax Code.  The
trial court entered judgment in accordance with the jury=s verdict.  We affirm.








Averitt
inherited the oil and gas interests from his aunt.  Averitt testified that the
oil and gas interests are very valuable and that he receives over $200,000 a
year in royalties on the property.  Averitt further testified that he became
concerned that the value placed on his oil and gas interests for tax purposes
was too high.  He eventually hired an attorney to help him challenge the
appraised value of his interests.  Averitt hired an independent appraiser who
valued the interests considerably less than the appraisal by the Gaines County
Appraisal District.  For each of the tax years 2004, 2005, and 2006, Averitt
filed a protest with the District; each protest was heard and denied by the
Appraisal Review Board.  Averitt then appealed to the district court.

Betty
Caudle, chief appraiser for the District, testified that, as chief appraiser,
it is her duty to Aappraise
all the taxable properties within the county at market value.@  Caudle stated that her
office does not conduct the appraisals for oil and gas properties.  Gaines
County contracts with Capitol Appraisal Group to perform oil and gas appraisals
for the county.  Caudle stated that she expects Capitol to follow the pertinent
tax laws and that she has confidence in Capitol because Athey get to market value.@

Benny
L. Latham, vice president of Capitol, is a registered professional engineer and
a registered professional appraiser.  Latham prepared values on Averitt=s interests using the
provisions of  Tex. Tax Code Ann.
' 23.175 (Vernon 2008)
and also using accepted appraisal standards. Latham testified that he prepared
his own estimate of market value because the value using Section 23.175
would cause the interests to be Aoverassessed.@  Latham said property
cannot by law be appraised at a value greater than market value. 

Andrew
B. Burleson, an independent petroleum engineer, testified that he conducted an
appraisal on Averitt=s
interests for the tax years in question based upon Chapter 23 of the Texas Tax
Code.  Tex. Tax Code Ann. ch. 23
(Vernon 2008).  Burleson stated that Capitol valued the property 130% higher
than his appraisal.   Burleson testified that Capitol=s values do not comply with the provisions of 
Chapter 23 of the Texas Tax Code and that Capitol=s
values exceed market value.  

In
his first issue on appeal, Averitt argues that the trial court erred in
instructing the jury.  In Question No. 1, the trial court instructed the jury
to find the Amarket
value required by law for each of Mr. Averitt=s
Gaines County properties@
for the tax years 2004, 2005, and 2006.  The charge defined market value as set
out in Tex. Tax Code Ann. ' 1.04(7) (Vernon 2008):

(7)
AMarket value@ means the price at which a
property would transfer for cash or its equivalent under prevailing market
conditions if:

 

(A)
exposed for sale in the open market with a reasonable time for the seller to
find a purchaser;

 








(B) both the
seller and the purchaser know of all the uses and purposes to which the
property is adapted and for which it is capable of being used and of the
enforceable restrictions on its use;  and

 

(C)  both the
seller and purchaser seek to maximize their gains and neither is in a position
to take advantage of the exigencies of the other.

 

The charge
further provided as set out in Section 23.01(b):

 

(b)
The market value of property shall be determined by the application of
generally accepted appraisal methods and techniques.  If the appraisal district
determines the appraised value of a property using mass appraisal standards,
the mass appraisal standards must comply with the Uniform Standards of
Professional Appraisal Practice.  The same or similar appraisal methods and
techniques shall be used in appraising the same or similar kinds of property. 
However, each property shall be appraised based upon the individual
characteristics that affect the property's market value. 

 

In
its charge, the trial court further instructed the jury on the provisions in
Section 23.175 as it pertained to appraisals for oil and gas interests:

(a)
If a real property interest in oil or gas in place is appraised by a method
that takes into account the future income from the sale of oil or gas to be
produced from the interest, the method must use the average price of the oil or
gas from the interest for the preceding calendar year. . . . 

 

 (b)
The comptroller by rule shall develop and distribute to each appraisal office
appraisal manuals that specify methods and procedures to discount future income
from the sale of oil or gas from the interest to present value.

 

(c)
Each appraisal office shall use the methods and procedures specified by the
appraisal manuals developed under Subsection (b) of this section.

 








The
standard of review for an allegation of jury charge error is an abuse of discretion. 
Tex. Dep=t of
Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990); Schrock v. Sisco,
229 S.W.3d 392, 393 (Tex. App.CEastland
2007, no pet.).  A trial court abuses its discretion by acting arbitrarily,
unreasonably, or without consideration of guiding principles.   Walker v.
Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003); Schrock, 229 S.W.3d at
394.  If a trial court abuses its discretion when it submits an instruction to
the jury, we do not reverse in the absence of harm.  See Lone Star Gas Co.
v. Lemond, 897 S.W.2d 755, 756 (Tex. 1995); Schrock, 229 S.W.3d at
394.  Harm occurs when the error in the charge probably caused the rendition of
an improper judgment or prevented appellant from properly presenting the case
to the court of appeals.  Tex. R. App.
P. 44.1(a); Wal‑Mart Stores, Inc. v. Johnson, 106 S.W.3d
718, 723 (Tex. 2003); Schrock, 229 S.W.3d at 394.

 The
trial court instructed the jury to find the Amarket
value required by law.@ 
Averitt specifically argues that the charge should not use the term Amarket value@ but, rather, that the jury
should only be instructed to find the Aappraised
value@ using the
special provisions of Section 23.175.  Tex.
Const. art. VIII, '
1(b) states:

All
real property and tangible personal property in this State, unless exempt as
required or permitted by this Constitution . . . shall be taxed in proportion
to its value, which shall be ascertained as may be provided by law.

 

Section 23.01(a)
provides that, A[e]xcept
as otherwise provided by this chapter, all taxable property is appraised at its
market value as of January 1.@ 
In its charge, the trial court defined market value and further instructed the
jury  that market value Ashall
be determined by the application of generally accepted appraisal methods and
techniques@ as set out
in Section 23.01(b).  Chapter 23, subchapter B sets out special appraisal
provisions.  The jury was instructed on the special appraisal provisions for
oil and gas interests in Section 23.175.

The
charge follows the relevant provisions set out in the Texas Tax Code and
provides instructions and definitions to enable the jury to render a verdict.  See
Tex. R. Civ. P. 277.  The jury heard
evidence on the value of Averitt=s
oil and gas interests using the provisions set out in Section 23.175.  The
jury further heard evidence on the value of Averitt=s interests using other accepted appraisal
methods.  The jury was instructed to find the market value as required by law
and was given the provisions of Section 23.175 as requested by Averitt.  The
trial court did not abuse its discretion in charging the jury.  Moreover,
Averitt has not shown that the charge probably caused the rendition of an
improper judgment.  Averitt=s
first issue on appeal is overruled.








In
his second issue on appeal, Averitt argues that the evidence was conclusive
that the appraisals conducted by Capitol for the District Adid not comply with
[Section] 23.175, so that the jury=s
verdict to the contrary was error.@ 
In Question No. 2, the trial court asked the jury whether, for the tax years in
question, the District=s
appraisals failed to comply with Section 23.175.  The charge again contained
the provisions set out in Section 23.175.  The jury answered Ano@ on every interest owned by Averitt for each
tax year in question.  

Latham
testified that he prepared separate appraisals using both Section 23.175 and
other accepted appraisal methods.  Latham stated that the appraisals using the
provisions of Section 23.175 resulted in a value that exceeded market value.  Tex. Const. art. VIII, ' 20 provides in part:

No property of any kind in this State shall ever be assessed for ad
valorem taxes at a greater value than its fair cash market value nor shall any
Board of Equalization of any governmental or political subdivision or taxing
district within this State fix the value of any property for tax purposes at
more than its fair cash market value.

 

The jury heard
evidence on the values prepared by Latham using the provisions of Section
23.175.  Latham acknowledged that the values exceeded market value violating
state law.  Latham stated that he also prepared appraisals using accepted
appraisal methods to arrive at market value.  The evidence does not
conclusively establish that the District  failed to comply with Section
23.175.  Averitt=s
second issue on appeal is overruled.

In
his third issue on appeal, Averitt contends that, Abecause Mr. Latham=s expert testimony was conclusory on its face,
[appellees] failed to offer legally sufficient evidence of any kind of value.@  The District argues that
Averitt has not preserved his complaint for review, citing Tex. R. App. P. 33.1(d).  In Coastal
Transp. Co. v. Crown Cent. Petroleum Corp., 136 S.W.3d 227, 233 (Tex.
2004), the court stated:

We
therefore conclude that when a reliability challenge requires the court to
evaluate the underlying methodology, technique, or foundational data used by
the expert, an objection must be timely made so that the trial court has the
opportunity to conduct this analysis.  However, when the challenge is
restricted to the face of the record  for example, when expert testimony is
speculative or conclusory on its face  then a party may challenge the legal
sufficiency of the evidence even in the absence of any objection to its admissibility.

 

Averitt argues
that Latham=s
testimony was conclusory on its face; therefore, we will consider his complaint
on appeal.








Latham
testified without objection to his expertise and qualifications.  Latham
testified in great detail how he arrived at the appraisal values for Averitt=s oil and gas interests. 
Latham explained that he valued the property using accepted appraisal methods. 
Latham testified at length regarding the methods and techniques he used to
appraise Averitt=s
properties.  Averitt also conducted extensive cross-examination of Latham
regarding his appraisal techniques.  Latham also gave his appraisal values using
Section 23.175, and he explained that these values exceeded market value.  The
evidence does not support Averitt=s
argument that Latham=s
testimony was conclusory and, therefore, legally insufficient.  Averitt=s third issue on appeal is
overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 2, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.