**Opinion filed April 2, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-07-00225-CV**

_____

**LAWRENCE F. AVERITT, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF BEULAH AVERITT, Appellant**

**V.**

**BETTY CAUDLE, CHIEF APPRAISER ET AL, Appellees**

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 04-09-14829**

## MEMORANDUM OPINION

This is an ad valorem tax suit. Lawrence F. Averitt filed suit to appeal the Appraisal Review Board's order concerning the value of his oil and gas interests. The jury determined the market value of the interest on the property for the tax years in question. The jury further found that the appraisals for the tax years in question complied with the applicable provisions of the Texas Tax Code. The trial court entered judgment in accordance with the jury's verdict. We affirm.

Averitt inherited the oil and gas interests from his aunt. Averitt testified that the oil and gas interests are very valuable and that he receives over $200,000 a year in royalties on the property. Averitt further testified that he became concerned that the value placed on his oil and gas interests for tax purposes was too high. He eventually hired an attorney to help him challenge the appraised

value of his interests. Averitt hired an independent appraiser who valued the interests considerably less than the appraisal by the Gaines County Appraisal District. For each of the tax years 2004, 2005, and 2006, Averitt filed a protest with the District; each protest was heard and denied by the Appraisal Review Board. Averitt then appealed to the district court.

Betty Caudle, chief appraiser for the District, testified that, as chief appraiser, it is her duty to "appraise all the taxable properties within the county at market value." Caudle stated that her office does not conduct the appraisals for oil and gas properties. Gaines County contracts with Capitol Appraisal Group to perform oil and gas appraisals for the county. Caudle stated that she expects Capitol to follow the pertinent tax laws and that she has confidence in Capitol because "they get to market value."

Benny L. Latham, vice president of Capitol, is a registered professional engineer and a registered professional appraiser. Latham prepared values on Averitt's interests using the provisions of TEX. TAX CODE ANN. § 23.175 (Vernon 2008) and also using accepted appraisal standards. Latham testified that he prepared his own estimate of market value because the value using Section 23.175 would cause the interests to be "overassessed." Latham said property cannot by law be appraised at a value greater than market value.

Andrew B. Burleson, an independent petroleum engineer, testified that he conducted an appraisal on Averitt's interests for the tax years in question based upon Chapter 23 of the Texas Tax Code. TEX. TAX CODE ANN. ch. 23 (Vernon 2008). Burleson stated that Capitol valued the property 130% higher than his appraisal. Burleson testified that Capitol's values do not comply with the provisions of Chapter 23 of the Texas Tax Code and that Capitol's values exceed market value.

In his first issue on appeal, Averitt argues that the trial court erred in instructing the jury. In Question No. 1, the trial court instructed the jury to find the "market value required by law for each of Mr. Averitt's Gaines County properties" for the tax years 2004, 2005, and 2006. The charge defined market value as set out in TEX. TAX CODE ANN. § 1.04(7) (Vernon 2008):

> (7) "Market value" means the price at which a property would transfer for cash or its equivalent under prevailing market conditions if:
>
>> (A) exposed for sale in the open market with a reasonable time for the seller to find a purchaser;

2

(B) both the seller and the purchaser know of all the uses and purposes to which the property is adapted and for which it is capable of being used and of the enforceable restrictions on its use; and

(C) both the seller and purchaser seek to maximize their gains and neither is in a position to take advantage of the exigencies of the other.

The charge further provided as set out in Section 23.01(b):

(b) The market value of property shall be determined by the application of generally accepted appraisal methods and techniques. If the appraisal district determines the appraised value of a property using mass appraisal standards, the mass appraisal standards must comply with the Uniform Standards of Professional Appraisal Practice. The same or similar appraisal methods and techniques shall be used in appraising the same or similar kinds of property. However, each property shall be appraised based upon the individual characteristics that affect the property's market value.

In its charge, the trial court further instructed the jury on the provisions in Section 23.175 as it pertained to appraisals for oil and gas interests:

(a) If a real property interest in oil or gas in place is appraised by a method that takes into account the future income from the sale of oil or gas to be produced from the interest, the method must use the average price of the oil or gas from the interest for the preceding calendar year. . . .

(b) The comptroller by rule shall develop and distribute to each appraisal office appraisal manuals that specify methods and procedures to discount future income from the sale of oil or gas from the interest to present value.

(c) Each appraisal office shall use the methods and procedures specified by the appraisal manuals developed under Subsection (b) of this section.

The standard of review for an allegation of jury charge error is an abuse of discretion. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990); *Schrock v. Sisco*, 229 S.W.3d 392, 393 (Tex. App.—Eastland 2007, no pet.). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without consideration of guiding principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003); *Schrock*, 229 S.W.3d at 394. If a trial court abuses its discretion when it submits an instruction to the jury, we do not reverse in the absence of harm. *See Lone Star Gas Co. v.*

*Lemond*, 897 S.W.2d 755, 756 (Tex. 1995); *Schrock*, 229 S.W.3d at 394. Harm occurs when the error in the charge probably caused the rendition of an improper judgment or prevented appellant from properly presenting the case to the court of appeals. TEX. R. APP. P. 44.1(a); *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 723 (Tex. 2003); *Schrock*, 229 S.W.3d at 394.

The trial court instructed the jury to find the "market value required by law." Averitt specifically argues that the charge should not use the term "market value" but, rather, that the jury should only be instructed to find the "appraised value" using the special provisions of Section 23.175. TEX. CONST. art. VIII, § 1(b) states:

> All real property and tangible personal property in this State, unless exempt as required or permitted by this Constitution . . . shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.

Section 23.01(a) provides that, "[e]xcept as otherwise provided by this chapter, all taxable property is appraised at its market value as of January 1." In its charge, the trial court defined market value and further instructed the jury that market value "shall be determined by the application of generally accepted appraisal methods and techniques" as set out in Section 23.01(b). Chapter 23, subchapter B sets out special appraisal provisions. The jury was instructed on the special appraisal provisions for oil and gas interests in Section 23.175.

The charge follows the relevant provisions set out in the Texas Tax Code and provides instructions and definitions to enable the jury to render a verdict. *See* TEX. R. CIV. P. 277. The jury heard evidence on the value of Averitt's oil and gas interests using the provisions set out in Section 23.175. The jury further heard evidence on the value of Averitt's interests using other accepted appraisal methods. The jury was instructed to find the market value as required by law and was given the provisions of Section 23.175 as requested by Averitt. The trial court did not abuse its discretion in charging the jury. Moreover, Averitt has not shown that the charge probably caused the rendition of an improper judgment. Averitt's first issue on appeal is overruled.

In his second issue on appeal, Averitt argues that the evidence was conclusive that the appraisals conducted by Capitol for the District "did not comply with [Section] 23.175, so that the jury's verdict to the contrary was error." In Question No. 2, the trial court asked the jury whether, for the tax years in question, the District's appraisals failed to comply with Section 23.175. The

4

charge again contained the provisions set out in Section 23.175. The jury answered "no" on every interest owned by Averitt for each tax year in question.

Latham testified that he prepared separate appraisals using both Section 23.175 and other accepted appraisal methods. Latham stated that the appraisals using the provisions of Section 23.175 resulted in a value that exceeded market value. TEX. CONST. art. VIII, § 20 provides in part:

> No property of any kind in this State shall ever be assessed for ad valorem taxes at a greater value than its fair cash market value nor shall any Board of Equalization of any governmental or political subdivision or taxing district within this State fix the value of any property for tax purposes at more than its fair cash market value.

The jury heard evidence on the values prepared by Latham using the provisions of Section 23.175. Latham acknowledged that the values exceeded market value violating state law. Latham stated that he also prepared appraisals using accepted appraisal methods to arrive at market value. The evidence does not conclusively establish that the District failed to comply with Section 23.175. Averitt's second issue on appeal is overruled.

In his third issue on appeal, Averitt contends that, "because Mr. Latham's expert testimony was conclusory on its face, [appellees] failed to offer legally sufficient evidence of any kind of value." The District argues that Averitt has not preserved his complaint for review, citing TEX. R. APP. P. 33.1(d). In *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex. 2004), the court stated:

> We therefore conclude that when a reliability challenge requires the court to evaluate the underlying methodology, technique, or foundational data used by the expert, an objection must be timely made so that the trial court has the opportunity to conduct this analysis. However, when the challenge is restricted to the face of the record  for example, when expert testimony is speculative or conclusory on its face  then a party may challenge the legal sufficiency of the evidence even in the absence of any objection to its admissibility.

Averitt argues that Latham's testimony was conclusory on its face; therefore, we will consider his complaint on appeal.

Latham testified without objection to his expertise and qualifications. Latham testified in great detail how he arrived at the appraisal values for Averitt's oil and gas interests. Latham explained that he valued the property using accepted appraisal methods. Latham testified at length

regarding the methods and techniques he used to appraise Averitt's properties. Averitt also conducted extensive cross-examination of Latham regarding his appraisal techniques. Latham also gave his appraisal values using Section 23.175, and he explained that these values exceeded market value. The evidence does not support Averitt's argument that Latham's testimony was conclusory and, therefore, legally insufficient. Averitt's third issue on appeal is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


April 2, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.