Melodie McFARLAND and Pamela
Lykes, Appellant,

v.

Stacie BOISSEAU, Appellee.

No. 01–11–00088–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 15, 2011.

Rehearing Overruled March 22, 2012.

Tarush R. Anand, Nelson Skyler, Brown Sims, P.C., Houston, TX, for Appellant.

Abdul–Hakim Ahmed, Houston, TX, Gael Plauche Harrison, Navasota, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and MASSENGALE.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellants, Melodie McFarland and Pamela Lykes, challenge the jury verdict determining they published statements about appellee, Stacie Boisseau, that were defamatory per se. In three issues, appellants argue (1) most of the statements were not defamatory per se and should not have been submitted to the jury; (2) the trial court erred by instructing the jury that proof of damages was not required for the statements that were not defamatory per se; and (3) the trial court erred by denying their motion for new trial after disregarding certain answers by the jury that formed some part of the basis for the jury's award of damages.

We reverse and remand for further proceedings.

## Background

Boisseau had been the primary caregiver for her elderly and ailing mother before her mother passed away. After her mother passed away, Boisseau's sisters, McFarland and Lykes, began making accusatory statements about Boisseau and her care of their mother. These statements implicated that Boisseau had not properly cared for and had murdered their mother.

Boisseau brought suit, asserting a claim of defamation per se against her sisters.[1] Ultimately, Boisseau identified 10 statements that she asserted were defamatory per se. The parties went to trial on these 10 statements.

After the parties had presented their evidence, the trial court held a charge conference. The first question in the jury charge characterized all 10 statements that Boisseau claimed the defendants published as defamation per se. The question listed each of the statements and asked the jury to determine which of the statements, if any, each of the defendants had published. McFarland and Lykes argued that nine of the 10 statements were not defamation per se. Because Boisseau had only asserted a claim for defamation per se, and not a claim for defamation per quod, McFarland and Lykes argued the statements had to be excluded entirely. The trial court overruled these objections and kept all 10 statements in the charge. The jury subsequently found that McFarland and Lykes had published eight of the 10 statements.

The second question concerned whether any of the statements were privileged. The jury found that none of the statements were privileged.

The third question asked the jury to determine Boisseau's damages. The question was not subdivided per each statement. Instead, the question was subdivided by injury to reputation sustained in the past and mental anguish sustained in the past. No objections were raised for this question. The jury valued Boisseau's past injury to her reputation at $5,500 and her past mental anguish at $50,000. In a sub-

---

1. Boisseau also sued a third sister, Barrie Boisseau, for making similar defamatory statements. No judgment was obtained against the third sister, and she is not a party to this appeal. Accordingly, the third sister's involvement in the suit and in the underlying events is not relevant to this appeal.

sequent question, the jury assessed punitive damages against McFarland at $8,000.

After the trial, McFarland and Lykes filed a motion to disregard the jury's findings on the same nine statements it had objected to during the charge conference. McFarland and Lykes argued in the motion that the nine statements should be disregarded either because they were not defamatory per se or because there was no evidence that the statements were ever published. In its ruling on the motion, the trial court agreed that five of the statements were not defamatory per se and that there was no evidence that two of the statements were ever published. Of the three remaining statements, the jury had already determined that no one had ever published one of them. As a result, of the 10 statements submitted to the jury (and of the eight statements the jury found to be published), only two statements remained.

McFarland and Lykes subsequently filed a motion for new trial, arguing they were entitled to a new trial because the jury's determination of damages, which was based on eight statements characterized as defamation per se, no longer reflected the modified jury charge question on liability, which only identifies two statements that are defamatory per se that were published. The trial court denied their motion. McFarland and Lykes appealed.

## Defamation Per Se

In their first issue, McFarland and Lykes argue that five of the 10 statements were not defamation per se and should not have been submitted to the jury as such. We do not need to consider this issue because the five statements McFarland and Lykes complain about are the five that the trial court has already determined were not defamation per se in its order on

McFarland and Lykes's motion to disregard certain jury findings. In other words, the trial court has already granted McFarland and Lykes the relief they seek on this issue on appeal. Boisseau has not appealed this ruling. Further review is neither necessary nor allowed. *See One Call Sys., Inc. v. Houston Lighting & Power*, 936 S.W.2d 673, 677 (Tex.App.-Houston [14th Dist.] 1996, writ denied) (holding *adverse* ruling is required to preserve issue on appeal).

Similarly, McFarland and Lykes argue in their second issue that, because these same five statements were not defamatory per se, the instruction in the charge that "no independent proof of damage to the person's reputation or of mental anguish is required" was erroneous as it applied to those five statements. In granting their motion to disregard certain jury findings, the trial court disregarded the jury's findings of liability on the five statements McFarland and Lykes are now complaining about. McFarland and Lykes fail to explain how they have been harmed by an erroneous instruction on bases for liability that were subsequently disregarded.

We overrule McFarland and Lykes's first and second issues.

## Damages

In their third issue, McFarland and Lykes argue the trial court erred by denying them a new trial after it had disregarded most of the bases for liability in the charge on which the jury's award of damages in the charge was based. While McFarland and Lykes frame this as error in the denial of their motion for new trial, the thrust of their argument concerns whether there was any harm in the jury's award of damages when the jury considered bases for liability that were later struck by the trial court. This matter concerns, then, whether there was error in

the jury charge. *See Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex.2005) (considering whether there was error in the jury charge question on apportionment after a basis for liability was determined to be invalid). Accordingly, we apply the standard of review for charge error.

## A. Standard of Review

■ We review a challenge to the trial court's jury charge under an abuse of discretion standard. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990); *Moss v. Waste Mgmt. of Tex., Inc.*, 305 S.W.3d 76, 81 (Tex.App.-Houston [1st Dist.] 2009, pet. denied). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. *Tex. Dep't of Human Servs.*, 802 S.W.2d at 649; *Moss*, 305 S.W.3d at 81. A trial court has wide discretion in submitting instructions and jury questions. *Moss*, 305 S.W.3d at 81.

■ If we determine that the jury charge was erroneous, we must then consider whether the error requires reversal. *See Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 225 (Tex.2010). Generally, charge error requires reversal of a judgment only where the error was harmful in the sense that it probably caused rendition of an improper verdict. *Id.* In the context of a *Casteel* problem, however, the comingling of valid and invalid theories of liability in a single jury question may make it impossible for the court of appeals to determine whether the jury based its verdict on a properly submitted theory or on an invalid theory that should not have been submitted. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 388 (Tex.2000) (finding harmful error where trial court's charge contained broad-form liability question that submitted, along with valid theo-

ries of liability, theories of liability under Deceptive Trade Practices Act ("DTPA") that plaintiff could not assert because he was not a consumer). In that situation, the error will be deemed harmful and a new trial is required. *Id.* at 388–89.

## B. Analysis

■ The first question in the jury charge characterized all 10 statements that Boisseau claimed the defendants published as defamation per se. The question listed each of the statements and asked the jury to determine which of the statements, if any, each of the defendants had published. During the jury charge conference, McFarland and Lykes argued that nine of the 10 statements were not defamation per se and, accordingly, should not be included in the charge. The trial court overruled these objections and kept all 10 statements in the charge. The jury found that McFarland and Lykes had published eight of the 10 statements.

The second question concerned whether any of the statements were privileged. The jury found that none of the statements were privileged.

The third question asked the jury to determine Boisseau's damages. The question was not subdivided by each statement. Instead, the question was subdivided by injury to reputation sustained in the past and mental anguish sustained in the past. No objections were raised for this question. The jury valued Boisseau's past injury to her reputation at $5,500 and her past mental anguish at $50,000.

After the trial, McFarland and Lykes filed a motion to disregard the jury's findings on the same nine statements it had objected to during the charge conference. McFarland and Lykes argued in the motion that the nine statements should be disregarded either because they were not defamatory per se or because there was no

evidence that the statements were ever published. In its ruling on the motion, the trial court agreed that five of the statements were not defamatory per se and that there was no evidence that two of the statements were ever published. Of the three remaining statements, the jury had already determined that no one had ever published one of them. As a result, of the 10 statements submitted to the jury (and of the eight statements the jury found to be published), only two statements remained.

McFarland and Lykes subsequently filed a motion for new trial, arguing they were entitled to a new trial because the jury's determination of damages, which was based on eight statements characterized as defamation per se, no longer reflected the modified jury charge question on liability, which only identifies two statements that are defamatory per se that were published. The trial court denied their motion. McFarland and Lykes raise this same issue on appeal.

In *Casteel,* the question on liability "instructed the jury on thirteen independent grounds for liability, the first five of which were taken from" sections of the DTPA that the plaintiff lacked standing to bring. 22 S.W.3d at 387. The question itself, however, was a single broad-form question on liability. *Id.* The Texas Supreme Court held that "when a trial court submits a single broad-form liability question incorporating multiple theories of liability, the error is harmful and a new trial is required when the appellate court cannot determine whether the jury based its verdict on an improperly submitted invalid theory." *Id.* at 388.

Similarly, in *Romero,* the jury found the defendants, including Columbia, liable under a claim of negligence in the first jury question. 166 S.W.3d at 225. The jury found Columbia liable under a claim of malicious credentialing in the second jury question. *Id.* A subsequent question asked the jury to apportion responsibility between the defendants for the plaintiff's injury. *Id.* This question did not have the jury apportion based on each defendants' bases for liability. *See id.* at 225–26.

On appeal, Columbia argued there was no evidence to support a claim for malicious credentialing and, accordingly, the apportionment was erroneous because the jury apportioned responsibility to Columbia both on negligence and malicious credentialing. *See id.* at 214–15. The Texas Supreme Court held that there was insufficient evidence to support the plaintiff's claim for malicious credentialing. *Id.* at 224.

For the apportionment question, the court held that, because it was not possible to determine how the jury apportioned responsibility to Columbia, the error in the question was reversible because it effectively prevented Columbia from complaining on appeal that the jury would have apportioned responsibility differently had Columbia not been found liable under a claim of malicious credentialing. *Id.* at 226 (citing TEX.R.APP. P. 44.1(a)(2) (allowing for reversal of judgment when error complained of probably prevented appellant from properly presenting case to court of appeals)).

McFarland and Lykes argued to the trial court that the liability question improperly included statements that were not defamation per se and improperly instructed the jury that those statements were, in fact, defamation per se. The trial court initially disagreed but later agreed after the trial, disregarding those bases for liability. The trial court also found two of the statements lacked evidentiary support and disregarded those as well. It denied, however, McFarland and Lykes's motion for new trial based on the claim that the

damages no longer reflected the remaining bases for liability.

As in *Casteel* and *Romero,* the bases for liability in this case contained both valid and invalid—or unsupported—bases for liability. *See Casteel,* 22 S.W.3d at 387; *Romero,* 166 S.W.3d at 224. As in *Casteel* and *Romero,* the jury in this case had to make a single determination based on both the valid and invalid theories. *See Casteel,* 22 S.W.3d at 388; *Romero,* 166 S.W.3d at 225. In this case, the determination was on damages. As in *Casteel* and *Romero,* it is impossible to ascertain whether the jury determined damages based on one, some, or all of the statements identified as defamatory per se and, thus, McFarland and Lykes are prevented from complaining on appeal that the jury's single determination was based on any of the invalid claims of defamation per se. *See Casteel,* 22 S.W.3d at 388; *Romero,* 166 S.W.3d at 226. This requires reversal and a new trial. *Casteel,* 22 S.W.3d at 388; *Romero,* 166 S.W.3d at 228.

■ Boisseau argues that this issue has not been preserved for appeal because McFarland and Lykes did not object to the form of the damages question. A similar argument was raised in *Romero.* In *Romero,* Columbia objected to both the question on liability for malicious credentialing and the question on apportionment. 166 S.W.3d at 228. It also objected, however, to separating out the bases for liability under the question on apportionment. *Id.* at 228–29. The Texas Supreme Court noted that "there would have been no problem with the apportionment question" if the trial court had properly struck the invalid basis for liability before the question of apportionment went to the jury. *Id.* at 229. The same is true here: there would have been no problem with the damages question if the trial court had struck

the invalid bases for liability before they were presented to the jury.

The court went on to hold in *Romero,* though, "We need not consider whether Columbia was required to object not only to the lack of evidence for the malicious credentialing claim but also to the form of the apportionment question that included the claim because it did both." *Id.* It added a footnote to this sentence, citing to a Fifth Circuit case. *Id.* at 229 n. 55 (citing *Pan E. Exploration Co. v. Hufo Oils,* 855 F.2d 1106, 1124 (5th Cir.1988), *superseded by statute on other grounds as recognized in Fid. & Deposit Co. of Md. v. Commercial Cas. Consultants, Inc.,* 976 F.2d 272 (5th Cir.1992) (calling issue of whether objection must be made to form of submission "a close and difficult question")).

■ Two appellate courts have subsequently considered the issue that the Texas Supreme Court left unanswered in *Romero:* the Fourteenth Court of Appeals in *Mo. Pac. R.R. Co. v. Limmer,* 180 S.W.3d 803 (Tex.App.-Houston [14th Dist.] 2005), *rev'd on other grounds,* 299 S.W.3d 78 (Tex.2009) and the Eleventh Court of Appeals in *Schrock v. Sisco,* 229 S.W.3d 392 (Tex.App.-Eastland 2007, no pet.). Both courts considered the Fifth Circuit case cited by the Texas Supreme Court in *Romero. Limmer,* 180 S.W.3d at 822; *Schrock,* 229 S.W.3d at 395. In, *Pan Eastern Exploration,* the Fifth Circuit stated, "It seems likely that in the case of a potentially ambiguous general verdict all the complaining party must do to protect his rights is to object to the charge and the submission *vel non* of the questionable theory or theories . . . ." 855 F.2d at 1124. Both the Fourteenth and Eleventh Courts of Appeals concluded that, once a party objects to the inclusion of invalid bases for liability in the charge, this objection also preserves error for any impact the wrong-

ful inclusion has on other charge questions. *Limmer,* 180 S.W.3d at 823; *Schrock,* 229 S.W.3d at 395. That is, an objection to the form of all other impacted questions is not necessary to preserve the issue for appeal.

We adopt the holding of these courts. Accordingly, this issue has been preserved for appeal. Because McFarland and Lykes are prevented from complaining on appeal that the jury's single determination was based on any of the invalid claims of defamation per se, error is presumed and a new trial must be granted. *See* TEX. R.APP. P. 44.1(a)(2).

We sustain McFarland and Lykes's third issue.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings.