

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00330-CV

_____

REMBERT ENTERPRISES, INC., Appellant

V.

1309, LLC, CHARLIE CUMMINGS, AND JO CUMMINGS, Appellees

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 16-10107-367

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Rembert Enterprises, Inc. sued Appellees 1309, LLC, Charlie Cummings, and Jo Cummings for breach of oral and written contract, common law fraud, and fraud in the inducement regarding the sale of 336 acres of land. During the jury charge conference, Rembert objected to the inclusion of an instruction in one of the questions. The trial court overruled Rembert's objection. Based on the jury's answers, the trial court entered a take-nothing judgment for Rembert. Rembert moved for a new trial, but the trial court denied the motion after a hearing. This appeal followed.

In its two issues, Rembert complains that the trial court inappropriately included commentary from the pattern jury charge meant for judges and attorneys in one of the jury questions. Although Rembert concedes that the disputed jury instruction accurately stated the law, it argues that the instruction was not supported by the pleadings and evidence and impermissibly induced the jury to decide a question of law. Among other arguments, Appellees respond that Rembert has failed to show harmful error. We agree.

A jury charge instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence. *Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 408 (Tex. 2016). Surplusage, even if a correct statement of the law, is error. *See Acord v. Gen. Motors Corp.*, 669 S.W.2d 111, 116 (Tex. 1984) ("The jury need not and should not be burdened with surplus instructions."); *Francis v. Ford*, No. 02-

2

10-00343-CV, 2011 WL 3546626, at *3 (Tex. App.—Fort Worth Aug. 11, 2011, no pet.) (per curiam) (mem. op.) ("[T]he jury should not be burdened with surplus instructions, even those that accurately state the law.").[1] But even erroneous surplusage is subject to a harm analysis. *See* Tex. R. App. P. 44.1(a) (stating that no judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of either probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals).

To determine harm, we must first ascertain whether the case was closely contested. *Timberwalk Apts., Partners, Inc. v. Cain*, 972 S.W.2d 749, 755 & n.23 (Tex. 1998) (citing *Lone Star Gas Co. v. Lemond*, 897 S.W.2d 755, 756 (Tex. 1995)). In a

---

[1]The Texas Pattern Jury Charges are prepared by the Committee on Pattern Jury Charges of the State Bar of Texas "as a guide for the bench and bar" in preparing broad-form submissions, instructions, and questions. 4 McDonald & Carlson Tex. Civ. Prac. § 22:16 (2d. ed.). "The comments to each PJC provide a ready reference to the law that serves as a foundation for the charge" but may also include variations of the recommended forms and additional questions or instructions "for special circumstances." Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges: Business, Consumer, Insurance, & Employment* PJC introduction, at xxxix (2018). Thus, some of the PJC comments may be appropriate for inclusion, depending on the circumstances of the case, but they are to be used by the trial court and attorneys— not the jury—in preparing the court's charge. *Id.* at xxxvii; *see generally USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501–02 & nn.23–24 (Tex. 2018) (op. on reh'g) (observing that the PJC offers a variety of proposed questions and instructions, including alternative questions and instructions, and that the PJC committee "suggests '[c]are must be taken to ensure that the question is appropriate under the facts of the particular case'" (quoting Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges: Business, Consumer, Insurance, & Employment* PJC 101.2 cmt. (2016)).

closely contested case, the inclusion of surplusage is likely to be harmful because it tends to nudge the jury toward a particular verdict. *See id.* at 756. In determining whether error in a jury charge probably caused the rendition of an improper judgment so as to require reversal, we are supposed to analyze the *entire* record. *Id.*; *see also United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 469 (Tex. 2017) ("In reviewing alleged error in a jury submission, we consider 'the pleadings of the parties and the nature of the case, *the evidence presented at trial*, and the charge in its entirety.'" (emphasis added) (quoting *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex. 2009)).

We do not know if this case was closely contested because the appellate record supplied to us contains only the reporter's record of the jury charge conference, the entry of the final judgment, and the motion for new trial. In its brief, under the heading "Facts of Case," which contains a single record reference to the clerk's record, *cf.* Tex. R. App. P. 38.1(g), Rembert states, "The facts of this case are not particularly salient to this appeal and are provided primarily to give the Court a basic narrative *without getting into facts which were contested in court*." [Emphasis added.]

Rule of appellate procedure 34.6(c), "Partial Reporter's Record," states that if an appellant requests a partial reporter's record, it must include in the request a statement of points or issues to be presented on appeal and will then be limited to those points or issues. Tex. R. App. P. 34.6(c)(1). If the appellant complies with rule 34.6(c)(1)'s requirements, then the appellate court must presume that the partial

reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. Tex. R. App. P. 34.6(c)(4). But if the appellant fails to comply with rule 34.6(c)'s requirements, a contrary presumption arises: the reviewing court must instead presume that the missing portions of the record contain relevant evidence and that the omitted evidence supports the trial court's judgment. *Lyons v. Denton ISD*, No. 02-18-00141-CV, 2018 WL 6565804, at *2 (Tex. App.—Fort Worth Dec. 13, 2018, no pet.) (mem. op.). Rembert did not file a request for the reporter's record with the trial court clerk. *See* Tex. R. App. P. 34.6(b), (c).

Because the portions of the reporter's record provided to us in this appeal do not include *any* of the evidence presented to the jury during the trial, we cannot assess whether this case was closely contested or evaluate any confusion the surplusage may have caused. And because Rembert did not comply with rule 34.6(c)'s requirements, we are required to presume that the missing—evidentiary—portions of the record support the trial court's judgment. *See* Tex. R. App. P. 34.6(c)(4); *Lyons*, 2018 WL 6565804, at *2; *cf. Timberwalk Apts.*, 972 S.W.2d at 756 ("Given the vigorous evidentiary dispute over the significance of written notice and counsel's closing argument, we conclude that the surplus instruction probably did improperly and unduly nudge the jury to find against Cain."). Accordingly, we overrule Rembert's two issues and affirm the trial court's judgment. *See* Tex. R. App. P. 44.1(a).

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered:  July 25, 2019