**HORIZONTAL HOLES, INC., Appellant,**

v.

**RIVER VALLEY ENTERPRISES, INC., and Dallas Fire Insurance Company, Appellees.**

No. 05–05–00022–CV.

Court of Appeals of Texas, Dallas.

June 27, 2006.

Rehearing Overruled Aug. 29, 2006.

Tom Fleischer, Hartless & Hargrove, PLLC, Bedford, for Appellant.

Robert M. Fitzgerald, Law Office of Robert M. Fitzgerald, Van, G. David Smith, Law Office of G. David Smith, Rockwall, for Appellees.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

This is a drilling services contract case. Horizontal Holes, Inc. challenges the trial court's judgment awarding attorney's fees to River Valley Enterprises, Inc. and defense costs and expenses to Dallas Fire Insurance Company. In its appeal, Horizontal Holes makes two specific arguments. First, it asserts that River Valley did not prevail on its counterclaim or recover damages to entitle it to an award of attorney's fees pursuant to section 38.001 of the Texas Civil Practice and Remedies Code. Second, it contends the trial court abused its discretion in awarding defense costs and expenses to Dallas Fire under section 2253.074 of the Texas Government Code. Concluding River Valley did not prevail on its counterclaim or recover damages, we reverse the trial court's attorney's fee award to River Valley and render judgment that River Valley take nothing. We affirm the trial court's judgment in all other respects.

## I.

As the general contractor on a sewer project for the City of Coppell, River Valley subcontracted with Horizontal Holes for drilling services. Dallas Fire was the payment bond surety on the project. Horizontal Holes drilled the hole, but River Valley refused to pay for the work, asserting the hole did not meet the contract specifications. Horizontal Holes then filed a lawsuit against River Valley and Dallas Fire. River Valley filed an answer and a counterclaim for, among other things, breach of contract, claiming the hole Horizontal Holes drilled was eleven feet off its intended destination and thirteen inches off grade from the contract specifications. The trial court, sitting without a jury, rendered judgment that Horizontal Holes take nothing on its claims and awarded River Valley $16,800 in attorney's fees and Dallas Fire $12,500 in costs and expenses.[1] Horizontal Holes then appealed.

## II.

In its first issue, Horizontal Holes contends the trial court erred in awarding attorney's fees to River Valley because it did not prevail on its counterclaim and was not awarded any damages against Horizontal Holes. As a general rule, attorney's fees are not recoverable unless allowed by statute or by contract. *See Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex.1992). Section 38.001 of the civil practice and remedies code allows a party to recover such fees if the party prevails on a cause of action for which attorney's fees are recoverable and recovers damages. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Attorney's fees are recoverable in

---

1. The judgment also awarded Dallas Fire $25,000 in costs and expenses against River Valley in accordance with the parties' stipulation with respect to Dallas Fire's indemnity action. Any amounts paid to Dallas Fire by Horizontal Holes, however, would be credited toward this amount.

a suit on a contract pursuant to subsection 38.001(8). TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1997). A party who does not recover for breach of contract, however, cannot recover attorney's fees under that theory. *Brosseau v. Ranzau*, 81 S.W.3d 381, 397 (Tex.App.-Beaumont 2002, pet. denied).

The record reflects that River Valley filed a counterclaim for breach of contract against Horizontal Holes seeking remediation damages of $60,031.70. The trial court's final judgment, however, does not specifically address the disposition of River Valley's counterclaim. Instead, the judgment merely provides, ". . . Defendant and Counter–Plaintiff River Valley Enterprises, Inc., shall have and recover from Plaintiff and Counter–Defendant, Horizontal Holes, Inc., the sum of $16,800 in reasonable attorney's fees, together with post-judgment interest. . . ." The judgment further provides, "[a]ll relief requested and not expressly granted herein is denied." In absence of any language in the judgment indicating that River Valley prevailed on its counterclaim or was awarded damages, we cannot conclude that River Valley satisfied the necessary requirements for an award of attorney's fees pursuant to section 38.001.

In reaching this conclusion, we necessarily reject River Valley's contention that the trial court's fact findings and conclusions that Horizontal Holes breached the contract causing River Valley to incur remediation costs of at least $31,181.70 is sufficient to support River Valley's attorney's fees award. As legal support for its argument, River Valley relies on a Texas Supreme Court case holding that a party does not need a net recovery to be awarded attorney's fees; all that is required is that the party prevail on a just claim. *See McKinley v. Drozd*, 685 S.W.2d 7, 11 (Tex. 1985). River Valley's reliance on *McKinley*, however, is misplaced.

The trial court's findings of fact and conclusions of law upon which River Valley rely were made with respect to Horizontal Holes's statutory payment bond claim and not its counterclaim. Referencing Horizontal Holes's failure to comply with the contract requirements and River Valley's remediation costs, the trial court concluded Horizontal Holes could not recover on its claims because it was in default on the contract. The trial court, however, did not address River Valley's counterclaim in its findings of fact, its conclusions of law, or in its judgment. Because there is no indication in the record before us that River Valley prevailed or recovered damages on its counterclaim for breach of contract, it was not entitled to attorney's fees pursuant to section 38.001. The trial court therefore erred in awarding River Valley attorney's fees. We resolve Horizontal Holes's first issue in its favor.

■ In its second issue, Horizontal Holes complains that the trial court abused its discretion in awarding defense costs and expenses to Dallas Fire pursuant to section 2253.074 of the Texas Government Code. Specifically, Horizontal Holes contends that, because there was a bona fide dispute between it and River Valley over the work performed, the trial court should not have awarded attorney's fees to any party.

Section 2253.074 authorizes the trial court to award costs and reasonable attorney's fees that are equitable in a proceeding to enforce a claim on a payment bond or to declare any part of a claim invalid. TEX. GOV'T CODE ANN. § 2253.074 (Vernon 2000). We review the trial court's decision to grant or deny costs or attorney's fees under section 2253.074 for a clear abuse of discretion. *See S.A. Maxwell Co. v. R.C. Small & Assoc.*, 873 S.W.2d 447, 456 (Tex. App.-Dallas 1994, writ denied). Here, the trial court found that Horizontal Holes

could not prevail on its claim against Dallas Fire because it had defaulted on the underlying contract with River Valley. Horizontal Holes has not provided any legal authority, and we have found none, that suggests the trial court clearly abuses its discretion if it awards attorney's fees when there is a bona fide dispute between the parties. Based on the specific language of the statute, we cannot conclude the trial court clearly abused its discretion in awarding costs and expenses to Dallas Fire. We resolve Horizontal Holes's second issue against it.

We reverse the trial court's attorney's fees award to River Valley and render judgment that River Valley take nothing. We affirm the trial court's judgment in all other respects.