

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00401-CV

CIMCO REFRIGERATION, INC.                                     APPELLANT

V.

BARTUSH-SCHNITZIUS FOODS                                      APPELLEE
CO.

----------

### FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 2011-11002-16

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

The primary issue we address in this appeal is whether a jury finding that a
defendant's breach of contract is not excused on the basis of a prior material
breach by the plaintiff constitutes an implicit finding that the plaintiff's first-
occurring breach was not a material breach and, therefore, renders immaterial

----------

[1]*See* Tex. R. App. P. 47.4.

the jury's finding that the plaintiff breached first.[2]  Because we answer this issue in the affirmative, we will reverse the trial court's judgment and remand this case to the trial court for entry of a judgment that Appellee Bartush-Schnitzius Foods Co. take nothing from Appellant Cimco Refrigeration, Inc. and that Cimco recover $113,400 from Bartush.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Bartush is a food manufacturer.  Bartush needed a new, industrial-refrigeration system for the production rooms and coolers required by some of the cold foods that Bartush manufactures, such as seafood dips.  Cimco submitted to Bartush a written proposal setting forth several options for the sale and installation of specific, industrial-refrigeration systems.  Bartush elected the first option and provided Cimco with signed purchase orders to be used in invoicing periodic payments as they became due.  Cimco's fabrication and installation of the equipment progressed, and Bartush paid invoices totaling $306,758 to Cimco but refused to pay Cimco's final invoices totaling $113,400 because the system did not cool the food production and storage rooms to 35 degrees as Bartush contended the parties' agreement required.  Cimco argued that the contract did not impose a 35-degree cooling requirement and that the

---

[2]We recognize that our use of the term "not material" in connection with the parties' breaches of the contract and our use of the term "immaterial" in connection with the jury's finding to question 3 requires extra focus by the reader; however, as these are both terms of art, we are reluctant to substitute alternative words.

2

rooms' failure to cool to that level was based on inadequate insulation and on Bartush's failure to turn the system off in the evenings and on weekends to allow the fans to defrost the chilling coils. Bartush purchased an additional defrosting system from another vendor for $168,079 to solve the cooling issues it had with the Cimco system.

Cimco sued Bartush to collect $113,400—the balance of the purchase price Bartush owed on the refrigeration systems that Cimco had installed. Bartush filed a counterclaim for breach of contract.[3] The case proceeded to a jury trial. A jury found that both Bartush and Cimco had failed to comply with the purchase agreement, that Cimco had breached first, and that Bartush's failure to comply was not excused based on a prior material breach by Cimco.

The jury found that Bartush's damages for Cimco's failure to comply were limited to the $168,079 purchase-and-installation cost that Bartush had paid to a different vendor to add the additional defrosting system to the Cimco refrigeration system. The jury found that Cimco's damages for Bartush's failure to comply equaled $113,400—the unpaid, remaining amount of the purchase price of the refrigeration equipment installed by Cimco at Bartush's facility. The jury failed to find for either party on any other theories or defenses but awarded Bartush

---

[3]Bartush also pleaded affirmative defenses to Cimco's breach-of-contract action and pleaded other causes of action for affirmative relief against Cimco. Because the jury failed to find for Bartush on these defenses and claims for affirmative relief and because Bartush does not challenge these jury findings on appeal, we omit them here for simplicity.

$165,000 in attorneys' fees for trial and $50,000 in attorneys' fees for appeal. The trial court signed a judgment for Bartush and against Cimco, awarding Bartush $168,079 in actual damages; $12,522.88 in prejudgment interest; $165,000 in attorneys' fees for trial; and $50,000 in conditional attorneys' fees on appeal. Cimco perfected this appeal.

### III.  THE JURY FOUND CIMCO BREACHED FIRST BUT THAT CIMCO'S BREACH WAS NOT MATERIAL, RENDERING THE JURY'S FINDING THAT CIMCO BREACHED FIRST IMMATERIAL

In its third issue, Cimco asserts that the jury's answer to question number 4—that Bartush's failure to pay was not excused on the basis of a prior material breach by Cimco—renders the jury's finding that Cimco breached first immaterial and mandates a reversal of the trial court's judgment and entry of a judgment for Cimco.

### A.  The Jury's Findings

The jury found in question 1 that Bartush failed to comply with its purchase agreement with Cimco.  In question 2, the jury found that Cimco failed to comply with the purchase agreement.  Question 3 asked the jury who failed to comply with the agreement first—Cimco or Bartush—and the jury answered, "CIMCO." But question 3 did not ask who committed the first *material* breach; it asked only who failed to comply first.  Question 4 then asked:

> Was BARTUSH's failure to comply excused?
>
> "Failure to comply" by BARTUSH may be excused if you find that CIMCO previously failed to comply with a material obligation of the same agreement.

4

A failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

(a)   The extent to which the injured party will be deprived of the benefit which it reasonabl[y] expected;

(b)   The extent to which the injured party can be adequately compensated for the part of that benefit of which it will be deprived;

(c)   The extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(d)   The likelihood that the party failing to perform or to offer to perform will cure its failure, taking into account the circumstances including any reasonable assurances;

(e)   The extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

Answer "Yes" or "No[.]"

Answer:___NO_____

Question number 5 submitted additional grounds to excuse Bartush's failure to comply, and the jury answered "NO" to this question as well.

Cimco objected to question 4, which was Bartush's question, asserting that it was duplicative of question 3 and invited conflicting jury answers.[4]  *See* Tex. R. Civ. P. 272, 274.  Question 4, set forth above, asked the jury whether Bartush's failure to comply was excused because "CIMCO previously failed to comply with a material obligation of the same agreement" and set forth circumstances (a)

---

[4]Bartush asserted no objection to question 4 but asked the trial court to correct a "typo."

through (e) for the jury to consider in determining whether Cimco's failure to comply was material. The jury found that Bartush's failure to comply was not excused based on Cimco's previous failure to comply with the same agreement.

## B. The Law

The Texas Supreme Court has described "the standard contract dispute" as occurring when "one party cancels the contract or refuses to pay due to alleged breaches by the other" and has recognized that "in such circumstances, jurors will often find *both* parties failed to comply with the contract (as the jury did here) unless instructed that they must decide who committed the first *material* breach." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 200 (Tex. 2004) (second emphasis added). The supreme court explained in *Mustang Pipeline Co.* that charge problems in these breach-of-contract cases may be avoided by a disjunctive submission of the breach-of-contract question (whether plaintiff *or* defendant failed to comply with the parties' agreement) accompanied by a conditional instruction (that applies if the jury determines both parties breached), directing the jury to decide who (plaintiff or defendant) committed the first material breach. *Id.*; *see also* Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges: Business* PJC 101.2 (2012) (recognizing this method of submission); *see also Berg v. Wilson*, 353 S.W.3d 166, 176–77 (Tex. App.—Texarkana 2011, pet. denied) (same, quoting commentary to PJC 101.2).

Whether a party's breach is so material as to render the contract unenforceable is ordinarily a question of fact to be determined based on several

6

factors.  *Mustang Pipeline Co.*, 134 S.W.3d at 199; *see also Advance Components, Inc. v. Goodstein*, 608 S.W.2d 737, 739 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.) ("[W]hether a breach is a material breach of the contract must necessarily turn on the facts of each case.").  Some of the significant factors in determining whether a failure to perform is material include (a) the extent to which the injured party will be deprived of the benefit that he reasonably expected; (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived; (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture; (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of the circumstances, including any reasonable assurances; and (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.  *Mustang Pipeline Co.*, 134 S.W.3d at 199 (citing and adopting Restatement (Second) of Contracts § 241 (1981)).  When one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance.  *Id.*; *see also Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994) ("A fundamental principle of contract law is that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform.").

7

## C. Analysis

In light of the jury's findings that Cimco failed to comply with the agreement (question 1), that Bartush failed to comply with the agreement (question 2), and that Cimco failed to comply first (question 3), the jury's "NO" answer to question 4 is a finding that Cimco's first-occurring breach was not material. *See Texas Pattern Jury Charges: Business* PJC 101.2 (setting forth in comment the factors (a) through (e) used in question 4 here as factors relevant to a determination of whether a breach is material); *Cont'l Dredging, Inc. v. De-Kaizered, Inc.*, 120 S.W.3d 380, 394 (Tex. App.—Texarkana 2003, pet. denied) (holding that after jury findings of dual breach, unchallenged finding that defendant's breach was not excused based on prior material breach of plaintiff constituted implicit finding that there was no material breach by plaintiff).

The jury's "NO" answers to questions 4 and 5 likewise establish that Bartush's breach of contract by failing to pay Cimco the balance of the purchase price owed under the contract was not excused.[5] Question 4 included no grounds for excusing Bartush's failure to comply with the agreement except the existence of a prior material breach by Cimco; other grounds for excusing Bartush's failure to comply were submitted in question 5, and the jury answered no to that question also. *See, e.g.*, *Tex. Standard Oil & Gas, L.P. v. Frankel Offshore Energy, Inc.*, 394 S.W.3d 753, 779 (Tex. App.—Houston [14th Dist.]

---

[5]Bartush did not file a notice of appeal or assert any cross-points challenging any of the jury's findings. *See* Tex. R. App. P. 25.1(c), 38.2(b).

8

2012, no pet.) (refusing to construe jury's answer to excuse question as finding that party's first-occurring breach was immaterial when excuse question combined prior-material-breach ground with other excuse grounds); *Miller v. Kennedy & Minshew, Prof'l Corp.*, 142 S.W.3d 325, 341 (Tex. App.—Fort Worth 2003, pet. denied) (holding unchallenged jury finding that defendant's subsequently-occurring breach was not excused by plaintiff's prior material breach required defendant to pay plaintiff per the terms of the agreement).

Consequently, although the court's charge here did not follow the precise submission format recommended by the supreme court in *Mustang Pipeline Co.* and set forth in the commentary to PJC 101.2, it nonetheless accomplished the objective of those recommended submissions by requiring the jury to determine—albeit through the combination of breach and excuse jury questions submitted in questions 1, 2, 3, 4, and 5—whether Bartush's subsequently-occurring breach was excused on the grounds of a prior material breach or on other applicable grounds.[6] *See Mustang Pipeline Co.*, 134 S.W.3d at 199; *Texas Pattern Jury Charges: Business* PJC 101.2; *see also Cont'l Dredging, Inc.*, 120 S.W.3d at 394. And the jury determined that it was not.[7] Because by virtue of

---

[6]We are bound by the court's charge; many of Bartush's arguments on appeal might have traction if different jury questions had been requested or submitted.

[7]Bartush asserted in its motion for entry of judgment and asserts on appeal that question 3—asking whether Bartush or Cimco breached first—asked which party committed the first *material* breach. This argument fails in light of the plain language of question 3 and the jury's subsequent finding in question 4 that

9

its "no" answer to question 4, the jury found that Cimco's failure to comply was not material and because by virtue of its no answers to questions 4 and 5, the jury found that Bartush's failure to comply was not excused, the jury's answer to question 3—finding that Cimco breached first—was rendered immaterial. *See, e.g.*, *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex. 1994) (holding that a jury question is immaterial when it was properly submitted but has been rendered immaterial by other findings). The jury's verdict, viewed as a whole, was for Cimco and against Bartush on the parties' dueling breach of contract claims. *See Mustang Pipeline Co.*, 134 S.W.3d at 199; *Hernandez*, 875 S.W.2d at 693 (holding insureds' first-occurring immaterial breach of their insurance policy did not excuse insurer from its obligation to perform under the contract).

The jury's finding in question number 1 that Bartush failed to comply with its purchase agreement with Cimco and the jury's findings in questions 4 and 5 that Bartush's failure was not excused also establish as a matter of law that Bartush's failure to comply was material. *See, e.g.*, Restatement (Second) of Contracts § 241, cmt. E (Am. Law Inst. 1981) (recognizing failure to pay amounts owed generally supports determination of materiality). Bartush's unexcused and material breach precludes Bartush's recovery under the contract. *See, e.g.*, *Mustang Pipeline Co.*, 134 S.W.3d at 199; *Hernandez*, 875 S.W.2d at 692.

---

Bartush's failure to comply was not excused based on a prior material breach by Cimco. *See, e.g.*, *Cont'l Dredging, Inc.*, 120 S.W.3d at 394.

10

Bartush was therefore not entitled to damages or attorneys' fees on its breach-of-contract claim. *See, e.g.*, *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997); *Horizontal Holes, Inc. v. River Valley Enters., Inc.*, 197 S.W.3d 834, 836 (Tex. App.—Dallas 2006, no pet.).

The jury's verdict was that Bartush take nothing from Cimco on its breach-of-contract claim and that Cimco recover $113,400 from Bartush on its breach-of-contract-claim, and the trial court should have entered judgment on that verdict. *See* Tex. R. Civ. P. 301 (providing that "[t]he judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity"). Because the trial court did not, we sustain Cimco's third issue.[8]

---

[8]Having sustained Cimco's third issue, we need not address Cimco's other issues. *See* Tex. R. App. P. 47.1. (requiring appellate court to address issues necessary for final disposition of the appeal).

11

## IV. CONCLUSION

Having sustained Cimco's third issue and determined that the jury's verdict was in favor of Cimco and against Bartush, we reverse the trial court's judgment and remand this case to the trial court for entry of a judgment that Bartush take nothing from Cimco and that Cimco recover $113,400 from Bartush and for assessment of costs and interest.[9]  *See* Tex. R. App. P. 43.2, 43.3(a).


                                        /s/ Sue Walker
                                        SUE WALKER
                                        JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  November 25, 2015

---

[9]Cimco raises no specific issue on appeal challenging the jury's failure to award it attorneys' fees but requests in its prayer that we remand the case "to the trial court with instructions to determine the amount of attorneys' fees incurred by Cimco in enforcing its contract with Bartush."  We note that Cimco put on evidence of attorneys' fees at trial, but Cimco's attorneys' fees question was conditionally submitted upon a "yes" answer to question 1, a finding that Bartush breached first in question 2, and a "no" answer to question 4.  Because the jury found Cimco breached first in question 2, it did not answer Cimco's attorneys' fees question.  Cimco did not object to the conditional submission of its attorneys' fees question; consequently, Cimco has failed to preserve any error from the jury's failure to answer its attorneys' fees question.  *See, e.g.*, *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 631 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding failure to object to conditioning instructions waived error arising from the jury's failure to answer question when answer could not be implied and that lack of objection waived right to new trial to have jury answer questions); *Hunter v. Carter*, 476 S.W.2d 41, 46 (Tex. Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.) (holding failure to object to conditioning instructions waived error arising from the jury's failure to answer question).  We therefore decline to remand the case to the trial court for a determination of Cimco's attorneys' fees.