# IN THE SUPREME COURT OF TEXAS

No. 16-0054

BARTUSH-SCHNITZIUS FOODS CO., PETITIONER,

v.

CIMCO REFRIGERATION, INC., RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS

**PER CURIAM**

This contract dispute involves competing breach claims by a food-product manufacturer, Bartush-Schnitzius Foods Co. (Bartush), and a refrigeration contractor, Cimco Refrigeration, Inc. (Cimco). The jury found that both parties failed to comply with their agreement and assessed damages accordingly, but the trial court rendered judgment solely for Bartush. The court of appeals reversed and remanded for entry of judgment solely in Cimco's favor. We hold that neither the trial court nor the court of appeals properly effectuated the jury's verdict. We reverse the court of appeals' judgment and remand the case to that court to consider unaddressed issues.

In 2010, Bartush planned to expand its line of food products to include seafood dips. Manufacturing the dips required Bartush's production facilities to maintain a constant temperature no higher than thirty-eight degrees—lower than Bartush's existing refrigeration system could sustain. Bartush therefore contracted with Cimco to install a new system. Cimco sent Bartush an offer letter with three quoted options. The offer letter did not reference a particular temperature

range.  Bartush orally selected the most expensive of the three options, confirming the selection via email.  Bartush then began paying Cimco in agreed-upon installments.

After installation, Bartush started to operate the new system at a temperature setting of thirty-five degrees.  However, this resulted in ice forming on the fan motors because the system's defrost unit was not designed to support operation at such a low temperature.  The ice caused the motors to overheat and fail, leading to higher temperatures that at times climbed into the 50s and 60s.  When Bartush discovered the problem, it had already paid Cimco $306,758 on the contract but still owed $113,400.  Bartush communicated with Cimco about a repair, but after several weeks without receiving what it considered a workable plan, Bartush withheld further payment and contacted an independent refrigeration engineer.  The engineer recommended a warm-glycol defrost unit, and Bartush contracted with Jax Refrigeration, Inc. to install the unit at a cost of $168,079.  After the warm-glycol defrost unit was installed, the system was able to maintain the target temperature of thirty-five degrees.

In response to Bartush's nonpayment, Cimco sued Bartush to recover the balance owed on the contract.[1]  Bartush counterclaimed for breach of contract, seeking damages for, among other things, the costs associated with the warm-glycol defrost unit.[2]  Bartush also alleged that its failure to pay was justified by Cimco's prior material breach.  Cimco asserted that the equipment it installed was exactly as described in the accepted purchase order and denied that it had made any guarantee regarding the equipment's capacity to maintain a specific temperature.

---

[1] Cimco brought an alternative claim for quantum meruit and also asserted claims for violation of the Prompt Pay Act and foreclosure of a mechanic's and materialmen's lien.  Only the contract claim was submitted to the jury.

[2] Bartush also brought several tort claims against Cimco.  The jury found in Cimco's favor on those claims, and Bartush did not challenge the findings on appeal.

The parties' claims were tried to a jury. The jury answered the relevant liability portions of the charge as follows: "YES" to Question 1, which asked whether Bartush failed to comply with the agreement; "YES" to Question 2, which asked whether Cimco failed to comply with the agreement; "CIMCO" to Question 3, which asked who failed to comply with the agreement first; and "NO" to Question 4, which asked whether Bartush's failure to comply was excused. The jury awarded Bartush $168,079 in damages (the cost of installing the warm-glycol defrost unit), plus $215,000 in trial and conditional appellate attorney's fees. The jury also awarded Cimco $113,400 (the balance due on the contract). The jury did not answer the question regarding Cimco's attorney's fees because the question was conditioned in part on a finding that Bartush breached first.

Despite the jury's findings that both parties failed to comply and Bartush's failure to comply was not excused, the trial court stated in its final judgment that "it appears to the Court that the verdict of the jury was for [Bartush] and against [Cimco]," and rendered judgment in Bartush's favor for $168,079 in damages, plus pre- and post-judgment interest, costs, and attorney's fees. The judgment awarded nothing to Cimco, and Cimco appealed.

The court of appeals reversed and remanded to the trial court for entry of judgment that Bartush take nothing and that Cimco recover $113,400 in damages, plus interest and costs. ___ S.W.3d ___ (Tex. App.—Fort Worth 2015). The court of appeals held that the jury's express finding that Bartush's failure to comply was not excused necessarily included an implied finding that Cimco's prior breach was nonmaterial. *Id.* at ___. The court further held that Bartush's failure to pay the balance due was a material breach of the contract as a matter of law, which rendered irrelevant the jury's finding that Cimco breached first and precluded Bartush's recovery. *Id.*

3

Finally, the court of appeals held that Cimco waived its challenge to the jury's failure to award attorney's fees. *Id.* at ___ n.9.

Both parties filed petitions for review. Bartush argues the trial court's judgment should be reinstated because Cimco's "first" breach was material as a matter of law and thus excused Bartush's subsequent failure to comply with the agreement. Alternatively, Bartush argues that both damages awards should be given effect, resulting in Bartush's net recovery of $54,679 in compensatory damages. Cimco responds that the court of appeals correctly concluded that Bartush's material breach excused Cimco's nonmaterial breach.[3] In a cross-petition, Cimco challenges the court of appeals' holding that Cimco waived error regarding the jury's failure to award attorney's fees.

We first address Bartush's argument that the trial court properly rendered judgment entirely in its favor because Bartush's failure to comply (i.e., nonpayment) was excused as a matter of law by Cimco's prior material breach. "It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) (citing *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994)). By contrast, when a party commits a nonmaterial breach, the other party "is not excused from future performance but may sue for the damages caused by the breach." *Levine v. Steve Scharn*

---

[3] As an alternative basis to affirm the court of appeals' judgment, Cimco argues that no evidence supports the jury's finding that it failed to comply with the parties' agreement because the parol evidence rule bars enforcement of the disputed term regarding temperature. Cimco also made this argument in the court of appeals, but because that court reversed the trial court's judgment on other grounds, it did not reach the issue. We will leave it to the court of appeals to address the issue in the first instance on remand.

4

*Custom Homes, Inc.*, 448 S.W.3d 637, 654 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).[4] The latter principle is consistent with settled Texas law regarding the elements of a contract claim. The claim requires a finding of breach, not a finding of material breach. *See, e.g.*, *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("A breach of contract occurs when a party fails or refuses to do something he has promised to do."). Accordingly, a material breach by Cimco would have excused Bartush from making further contractual payments, while a nonmaterial breach would have simply given rise to a claim for damages.

In this case, as noted, the jury found that both parties failed to comply with the agreement. The jury was instructed that Bartush's failure to comply was excused if Cimco previously "failed to comply with a material obligation of the same agreement," and listed five nonexclusive "circumstances to consider in determining whether a failure to comply is material." Although the jury found that Cimco failed to comply first, it also found that Bartush's breach was not excused. To make the latter finding, the jury must have concluded that Cimco's prior breach was *not* material. We therefore agree with the court of appeals that the jury made such an implied finding.

Notwithstanding the jury's implied finding of nonmateriality, Bartush argues that Cimco's failure to provide a refrigeration system capable of maintaining a temperature of thirty-five degrees was a material breach as a matter of law, excusing Bartush from further performance. We disagree. Generally, materiality is an issue "to be determined by the trier of facts." *Hudson v. Wakefield*, 645 S.W.2d 427, 430 (Tex. 1983). Like other issues of fact, materiality may be decided as a matter

---

[4] *Accord Gilbert v. Fitz*, No. 05-16-00218-CV, 2016 WL 7384167, at *6 (Tex. App.—Dallas Dec. 21, 2016, no pet.); *Harris Cty. Util. Dist. No. 16 v. Harris Cty. Mun. Dist. No. 36*, No. 01-10-00042-CV, 2011 WL 3359698, at * 9 (Tex. App.—Houston [1st Dist.] Aug. 4, 2011, no pet.); DAVID R. DOW & CRAIG SMYSER, TEXAS PRACTICE: CONTRACT LAW § 9.3 (2005).

of law only if reasonable jurors could reach only one verdict. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005) ("If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then jurors must be allowed to do so.").

In *Mustang Pipeline*, we outlined several factors enumerated in the Restatement that are "significant in determining whether a failure to perform is material." 134 S.W.3d at 199 (citing RESTATEMENT (SECOND) OF CONTRACTS § 241 (Am. Law Inst. 1981)). These factors include:

(a)     the extent to which the injured party will be deprived of the benefit which he reasonably expected;

(b)     the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

(c)     the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(d)     the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of the circumstances including any reasonable assurances;

(e)     the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Id.* The jury charge in this case listed these factors for the jury's consideration in evaluating whether Cimco's failure to comply was material. The parties presented trial evidence that could have led the jurors to reasonably disagree regarding the application of these factors, including conflicting evidence on the parties' communications regarding temperature requirements. By contrast, in *Mustang* we held that a contractor's failure to meet a deadline in contravention of an express time-is-of-the-essence clause was a material breach as a matter of law. *Id.* at 199–200. No such conclusive evidence of materiality exists in this case. Because reasonable jurors could

6

have disagreed on whether Cimco breached a material obligation, we may not overrule the jury's implied finding on that issue.

Bartush next argues that, even accepting the jury's finding that its failure to comply with the agreement was not excused, the court of appeals erred in holding that "Bartush's unexcused and material breach" (failing to pay the balance due) renders irrelevant the jury's finding that Cimco breached first and "precludes Bartush's recovery under the contract." ___ S.W.3d at ___. Bartush contends that the court should have given effect to the jury's damages awards to both parties. We agree.

While a party's nonmaterial breach does not excuse further performance by the other party, neither does the second breach excuse the first. To the contrary, a material breach does not discharge a claim for damages that has already arisen. RESTATEMENT (SECOND) OF CONTRACTS § 237 cmt. e (Am. Law Inst. 1981); *see also Allied Capital Partners, LP v. Proceed Tech. Res., Inc.*, 313 S.W.3d 460, 465 (Tex. App.—Dallas 2010, no pet.) (citing the Restatement for the proposition that "a material breach will not discharge an obligation of the non-breaching party that arose before the alleged breach"). In other words, a material breach excuses *future* performance, not *past* performance. The court of appeals turned the doctrine on its head, effectively holding that Bartush's nonpayment retroactively excused Cimco's prior breach. This was error.

In sum, the jury's findings that Cimco failed to comply with the agreement first and that its failure to comply was not material mean that (1) Bartush remained liable for its subsequent failure to comply, but (2) Bartush's claim for damages caused by Cimco's prior breach remained

7

viable.[5] Cimco had a preexisting duty to perform under the contract, and the jury found that Cimco violated that duty *before* Bartush breached by withholding payment.

Accordingly, the court of appeals erred in holding that Bartush's breach barred its recovery of damages for Cimco's failure to perform a preexisting obligation, and we therefore reverse the court's judgment. Because the court of appeals did not reach Cimco's alternative argument that the trial court's judgment should be reversed on the ground that no evidence supported the jury's finding that Cimco failed to comply with the parties' agreement, we remand the case to the court of appeals to do so.

Finally, we address the attorney's-fees issue raised in Cimco's cross-petition. Cimco contends that, as a prevailing party on its breach-of-contract claim, it is entitled to a remand for a determination of its attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE § 38.001. Although the court of appeals rendered judgment in Cimco's favor, the court held that Cimco failed to preserve error regarding the jury's failure to award it attorney's fees.

As noted, the jury awarded Cimco damages for Bartush's failure to comply with the agreement; however, the jury left blank Question 24—which asked the jury to assess Cimco's attorney's fees—because it was conditioned on the following answers: "yes" to Question 1 (did Bartush fail to comply); "Bartush" to Question 3 (who failed to comply first); and "no" to Question 4 (was Bartush's breach excused). Because the jury answered "Cimco" to Question 3, it did not answer Question 24 in accordance with the instruction. Cimco did not object to the conditional

---

[5] A similar state of affairs often arises in the context of construction contracts, when a contractor sues for the balance due and owing on the contract and the property owner counterclaims for damages for incomplete or defective performance. *See Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480 (Tex. 1984). In such cases, if the contractor has substantially completed performance, *i.e.*, the contractor's breach is not material, then the contractor has a claim for the unpaid balance and the owner has a claim for damages. *See id.* at 481–82; RESTATEMENT (SECOND) OF CONTRACTS § 237 cmt. d (Am. Law Inst. 1981).

submission of Question 24, but did object to Question 3 on the ground that "there is no evidence that Cimco failed to comply with the agreement."

The court of appeals held that Cimco waived error regarding the jury's failure to answer Question 24 by not objecting to its conditional submission. ___ S.W.3d at ___ n.9. Cimco argues that its objection to Question 3 was sufficient to preserve error on the jury's failure to answer Question 24 because an objection to an invalid basis for liability "preserves error for any impact the wrongful inclusion has on other charge questions." *McFarland v. Boisseau*, 365 S.W.3d 449, 454–55 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Because we do not consider whether any evidence supports Cimco's breach, and thus do not address whether Question 3 was an invalid basis for liability, we cannot say at this point whether Cimco's objection to Question 3 was sufficient to preserve error on Question 24. We leave it to the court of appeals to address this issue on remand.

Ultimately, although both the trial court and the court of appeals purported to render judgment in accordance with the jury's verdict, neither court did so. The trial court improperly ignored the jury's finding that Bartush's failure to comply was not excused, while the court of appeals improperly ignored the jury's finding that Cimco breached first. Accordingly, we grant the parties' petitions for review, and, without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and remand the case to that court to consider the parties' unaddressed issues.

**OPINION DELIVERED:** April 28, 2017