

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00371-CV

_____

RAHIM MUHAMMEDI, Appellant

V.

BARKAT G. ALI, Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-316592-20

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Rahim Muhammedi appeals from the trial court's purported final judgment in favor of Appellee Barkat Ali's suit for breach of contract. In three issues, Appellant argues that the trial court erred by (1) granting summary judgment because he raised a genuine issue of material fact regarding his affirmative defense, (2) awarding improper damages because the contract did not provide for acceleration, and (3) barring him from trying his counterclaim against Appellee.

The final judgment is erroneous because Appellant's counterclaim was unadjudicated by the trial court's partial summary judgment order. We will reverse and remand.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2017, Appellant and Appellee entered into a settlement agreement (Agreement) to resolve their pending litigation. The Agreement provided, among other things, that Appellant would pay Appellee a prescribed sum of money over a specified period of time. The Agreement also contained a confidentiality clause that prohibited Appellant and Appellee from discussing the terms of the Agreement with third parties.

For some time, both parties appeared to perform under the terms of the Agreement. However, in 2019, Appellant stopped paying Appellee, who sued Appellant for breach of contract (nonpayment under the Agreement). In the course

2

of the suit, Appellee filed a traditional motion for summary judgment for his breach of contract claim, which included a request for attorney's fees, and Appellant filed an amended answer that raised an affirmative defense, alleging that he was excused from performance because Appellee had violated the Agreement's confidentiality clause—supposedly before Appellant's nonpayment—and the violation constituted a material breach of the Agreement. Appellant also filed a counterclaim for Appellee's alleged breach of the Agreement.[1] Appellant and Appellee claimed distinct breaches that occurred at different periods of time.

The trial court granted partial summary judgment in favor of Appellee, finding that Appellant was liable to Appellee for actual damages related to his breach of nonpayment. The trial court's order further stated that, "[a]ny attorney fee amounts, interest, and court costs recoverable by [Appellee] from [Appellant] shall be determined following trial or other final disposition of this case."

Nearly two years later, the case was called to trial.[2] Following jury selection, Appellee nonsuited his claim for attorney's fees. With attorney's fees no longer an issue, Appellee argued that the trial court's prior partial summary judgment order had resolved all remaining claims and issues as to all parties. The trial court agreed with

---

[1]After Appellant filed the counterclaim, Appellee filed a first amended motion for summary judgment; however, it did not refer to or mention Appellant's counterclaim.

[2]On the morning of trial, Appellant filed a trial brief on his "live counterclaims" that asserted many of the same arguments that he raises on appeal.

Appellee and stated that Appellant's counterclaim had been overruled as a matter of law when it signed the partial summary judgment order. The trial court signed a final judgment purporting to dispose of all parties and all claims, and this appeal followed.

## III.  DISCUSSION

### A.  A FINAL JUDGMENT—BUT AN ERRONEOUS ONE

As a preliminary matter, we must address whether there is a final judgment, as our appellate jurisdiction is limited to appeals from final judgments and from interlocutory orders made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39zS.W.3d 191, 195 (Tex. 2001) (stating "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"). "[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192–93.

Moreover, the language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. *Id.* at 200. If the intent to finally dispose of the case is unequivocally expressed in the words of the order itself then the order is final and appealable even though the record does not provide an adequate basis for rendition of judgment. *Id.* For example, if a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take

4

nothing on all claims asserted, the judgment is final—erroneous, but final. *Id.* A judgment that grants more relief than a party is entitled to is subject to reversal, but it is not, for that reason alone, interlocutory. *Id.*

Here, the trial court's judgment states that "the Court intends for this *Final Judgment* to be the Court's complete, final and enforceable judgment, [and] it is further ORDERED that: . . . This *Final Judgment*: 1) disposes of all parties and all claims; 2) is final; and 3) is appealable." (emphasis in original)

We conclude that the language of the trial court's order unequivocally expressed the intention that it be final and appealable. However, "[i]t is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding." *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983); *see G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (holding a summary judgment on a claim not addressed in the motion is generally reversible error). "The movant . . . must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). If a summary judgment does not refer to or mention issues pending in a counterclaim, then those issues remain unadjudicated. *Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51, 53 (Tex. 1990) (orig. proceeding) (op. on reh'g) (providing that summary judgment granted as to separate parties or issues within a single cause of

5

action is partial and interlocutory until all issues are adjudicated or ordered severed by the trial court).

Appellee moved for traditional summary judgment on his breach of contract claim, but he did not address—either explicitly or implicitly—Appellant's counterclaim. The trial court granted partial summary judgment in favor of Appellee, determining liability and damages against Appellant for his breach of the Agreement, but it reserved all further issues for trial. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (explaining that there is no presumption that summary judgment motion addresses all of the movant's claims). Claims not raised and adjudicated by a motion for summary judgment are preserved for disposition by the trial court after resolution of the motion. *See* Tex. R. Civ. P. 166a(e).

Appellee argues that Appellant's counterclaim was subsumed by the trial court's partial summary judgment on his breach of contract claim. Specifically, Appellee contends that "the trial court already decided who materially breached first by summary judgment"[3] and that Appellant's counterclaim was "precluded as

---

[3]Generally, materiality is an issue "to be determined by the trier of facts." *Hudson v. Wakefield*, 645 S.W.2d 427, 430 (Tex. 1983). Like other issues of fact, materiality may be decided as a matter of law only if reasonable jurors could reach only one verdict. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005) ("If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then jurors must be allowed to do so.").

6

a matter of law by other grounds raised in the case."[4]  *See G & H Towing Co.*,
347 S.W.3d at 297–98.

However, in contractual disputes, it is possible for both parties to breach an agreement. *Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.* dealt with competing breach of contract claims between a manufacturer and a contractor.  518 S.W.3d 432, 434 (Tex. 2017).  The case was tried to a jury, which found that **both parties** had breached the contract. *Id.*  The supreme court reasoned that because materiality was an issue to be determined by the trier of facts, it was for the jury to determine whether the contractor's failure constituted a material breach of the contract. *Id.*  Ultimately, the supreme court held that the manufacturer's breach did not bar its recovery of damages for the contractor's failure to perform a preexisting obligation. *Id.* at 438.

We are unpersuaded by Appellee's argument for subsumption and unconvinced that the trial court's finding that Appellant breached the Agreement precluded as a matter of law his counterclaim against Appellee for breach of contract.  The trial court's finding that Appellant breached the Agreement does not somehow suggest that Appellee did not also breach the Agreement.  *See Chase Manhattan Bank*,

---

[4]Appellee appears to conflate Appellant's affirmative defense and counterclaim. In Appellant's affirmative defense, he prayed for excusal from performance because of Appellee's alleged prior material breach.  However, in his counterclaim, Appellant sought damages for Appellee's breach.  Appellee also makes an argument for waiver and ratification.  Yet, such an argument amounts to an affirmative defense that Appellee would have to plead and not raise for the first time in a motion for summary judgment. *See Int'l Shelters, Inc. v. Corpus Christi State Nat. Bank*, 475 S.W.2d 334, 336 (Tex. Civ. App.—Corpus Christi 1971, no writ).

787 S.W.2d at 52. Here, the partial summary judgment does not "refer to or mention" the issues pending in Appellant's counterclaim. *See id.* Because the counterclaim was not necessarily the converse of Appellee's claim, the trial court could grant one without denying the other. *See Velchoff v. Campbell*, 710 S.W.2d 613, 615 (Tex. App.—Dallas 1986, no writ).

Although the trial court determined that Appellant breached the Agreement by nonpayment, Appellant's counterclaim alleging Appellee's breach of confidentially remained unadjudicated. Therefore, Appellant's counterclaim was still pending when the trial court signed the final judgment, which we conclude caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1); *see Lehmann*, 39 S.W.3d at 200, 204 (reasoning that judgment rendered without trial is reversible if it unequivocally states it is final but fails to address a pending claim); *see also Young v. Hodde*, 682 S.W.2d 236, 237 (Tex. 1984) (per curiam) (holding trial court erred in rendering judgment against claim in absence of summary judgment motion seeking that relief). Accordingly, because Appellee's counterclaim was unadjudicated, we hold that the trial court erred in rendering its final judgment—as it should have been interlocutory. *Lehmann*, 39 S.W.3d at 200; *see G&H Towing Co.*, 347 S.W.3d at 297, *see also* Tex. R. App. P. 44.1(a)(1).

## IV. CONCLUSION

Having held that the trial court reversibly erred in its final judgment, which is dispositive of this appeal, we reverse the trial court's judgment and remand the case

8

for further proceedings consistent with this opinion without reaching Appellant's remaining issues. *See* Tex. R. App. P. 43.2(d), 47.1.

/s/ Brian Walker

Brian Walker
Justice

Delivered: May 15, 2025